**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————

No. 98-20777
Summary Calendar

———————

UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

JOHN TONY WASHINGTON, JR.,
also known as Benny Rue,

                                                                    Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-107-1

———————————————————————————

May 24, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

        John Tony Washington, Jr., was convicted of bank robbery, use of a firearm during a crime of violence, and possession of a firearm by a convicted felon. On appeal, he argues that the trial court erred in determining that the eyewitness identifications of him were not the result of unduly suggestive procedures, that the trial court abused its discretion in admitting evidence that he had used an alias when being questioned by police about an unrelated issue several months after the robbery, and that the court abused its discretion in failing to ask the jury panel about their views concerning eyewitness testimony during voir dire.

———————

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We have reviewed the briefs and the record and hold that the district court did not err in admitting the identification evidence because the photographic spreads and the lineup were not impermissibly suggestive.  Herrera v. Collins, 904 F.2d 944, 946 (5th Cir. 1990); Peters v. Whitley, 942 F.2d 937, 939 (5th Cir. 1991).  The district court also did not abuse its discretion in admitting the alias evidence under United States v. Kalish, 690 F.2d 1144 (5th Cir. 1982).  Finally, we hold that the district court did not abuse its discretion in refusing to question the members of the jury panel about their views of eyewitness testimony, as there was an absence of evidence that "prejudice might have influenced the jury."  Rosales-Lopez v. United States, 451 U.S. 182, 191 (1981)(racial and ethnic prejudice).

AFFIRMED.